UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDDIE MURDOCK,

                    Petitioner,

                                                          MEMORANDUM & ORDER
     -against-                      14-CV-2931(JS)

MICHAEL J. SPOSATO, Sheriff of
Nassau County,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Eddie Murdock, pro se
                     13003401
                     Nassau County Correctional Center
                     100 Carman Avenue
                     East Meadow, NY 11554[1]

For Respondent:     Cristin N. Connell, Esq.
                     Nassau County District Attorney's Office
                     262 Old Country Road
                     Mineola, NY 11501

SEYBERT, District Judge:

        On May 1, 2014, incarcerated pro se petitioner Eddie Murdock ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Pet., Docket Entry 1.) On October 8, 2014, respondent Michael J. Sposato ("Respondent") moved to dismiss the Petition pursuant to

---

[1] The Court reminds the pro se Petitioner that if his mailing address changes, he must promptly notify the Clerk of the Court and Respondent of that change. See Concepcion v. Ross, No. 92-CV-0770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997); see also Handlin v. Garvey, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of a current address is "an obligation that rests with all pro se plaintiffs").

Federal Rule of Civil Procedure 12(b). (Docket Entry 12.) For the following reasons, Respondent's motion is DENIED, with leave to renew.

BACKGROUND

Petitioner, a former pre-trial detainee at the Nassau County Correctional Facility, challenges the constitutionality of his detention, claiming that his state-appointed attorney made an unauthorized waiver of Petitioner's right to a speedy trial. (Pet. at 2-3.[2]) Petitioner claims that, shortly following his arrest on May 6, 2013 for criminal possession of stolen property, Petitioner's state appointed counsel approached him with a waiver of rights form. (Pet. at 2.) Petitioner further alleges that he refused to sign the form but that the waiver was executed regardless. (Pet. at 3.) Petitioner also contends that despite making numerous demands, he was not produced for several court dates. (Pet. at 3.) Petitioner sought to have his habeas corpus claim heard by the Appellate Division and Court of Appeals in New York State, but both declined to hear his case. (Pet. at 3-4.) According to state court records, Petitioner was convicted at trial in April 2015 and was released from prison in June 2015.

---

[2] Page numbers of the Petition referenced herein refer to the page numbers generated by the Electronic Case Filing system.

DISCUSSION

Petitioner filed his claim under 28 U.S.C. § 2241. However, due to Petitioner's conviction in state court and later release from prison, his claim now more appropriately falls under 28 U.S.C. § 2254. Section 2254 applies to "application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). The Second Circuit has held that "if an application that should be brought under 28 U.S.C. § 2254 [was] mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." Cook v. N.Y. State Div. of People, 321 F.3d 274, 277 (2d Cir. 2003) (citing James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)). Therefore, the Court will treat Petitioner's claim as a section 2254 application, rather than a section 2241 application.

Respondent's motion to dismiss was filed on October 8, 2014, before Petitioner's conviction in state court. Consequently, Respondent's motion was based on the grounds that (1) Petitioner had not exhausted his state court remedies, and (2) pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), this Court should abstain from interfering with a pending state criminal prosecution. Now that

Petitioner has been convicted, however, those grounds are--at least based on the current record--inapplicable. Accordingly, Respondent's motion is DENIED AS MOOT. Respondent is directed to, within thirty (30) days of the date of this Memorandum & Order, show cause why a writ of habeas corpus should not be issued.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Petition pursuant to Federal Rule 12(b) (Docket Entry 12) is DENIED. Respondent may submit, within thirty (30) days from the date of this Memorandum and Order a renewed motion to dismiss. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Date: September  8 , 2015
      Central Islip, New York