```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDDIE MURDOCK,

                     Petitioner,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-2931(JS)

MICHAEL J. SPOSATO, Sheriff of
Nassau County,

                     Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Eddie Murdock, pro se
                    20 Lincoln Avenue
                    South Farmingdale, NY 11735

For Respondent:     Cristin N. Connell, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court is pro se petitioner Eddie Murdock's ("Petitioner") petition for a writ of habeas corpus (the "Federal Petition") pursuant to 28 U.S.C. § 2254 and Respondent Michael J. Sposato's ("Respondent") motion to dismiss. (Docket Entry 17.) For the reasons that follow, the Federal Petition is dismissed without prejudice.

1

BACKGROUND

On May 6, 2013, Petitioner was arrested and detained in the Nassau County Correctional Center. (Pet. at 2.[1]) He was charged with Criminal Possession of Stolen Property in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree Criminal, Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree, and violations of the New York State Vehicle and Traffic Law, including Aggravated Unlicensed Operation of a Motor Vehicle. (Connell Aff.,[2] Docket Entry 12-1, at 3-4.)

On May 15, 2013, the day of Petitioner's arraignment, Petitioner claims that his state-appointed attorney asked him to sign a waiver of his rights to a felony examination, a speedy grand jury presentment, and speedy trial. (Pet. at 2.) Petitioner declined to do so. (Pet. at 2.) Petitioner refused to sign the waiver, but alleges that his attorney executed it anyway. (Pet. at 2, 3.)

On July 22, 2013, Petitioner filed a motion in limine asserting that he "never gave counsel of record or the court any waiver of any rights to be present in open court." (Pet. Ex. B,

---

[1] Page numbers of the Federal Petition and other Docket Entries referenced herein refer are those generated by the Electronic Case Filing System.

[2] The Connell Affidavit can be found at Docket Entry 17, pages 4-9.

Docket Entry 1, at 7-8, ¶ 15.) In the motion, Petitioner asked the court to "[p]reclude [his] appointed counsel from waiving defendant['s] appearances before the court," and argued that "each and every adjournment where the defendant is either not produced or not brought before the court [should be charged] against the [P]eople," and "any action taken outside of his presence in open court is a violation of his rights to due process of law and is unauthorized." (Pet. Ex. B, at 10-19, ¶¶ 4, 21.)

On August 13, 2013, Petitioner filed a petition for a writ of habeas corpus in the New York State Appellate Division, Second Department (the "State Petition"). (Connell Aff. ¶ 8; Pet. Ex. C at 20-23.) Petitioner alleged in the State Petition that he was denied his rights to: (1) appear before the court, (2) a felony exam, (3) a speedy trial, and (4) effective assistance of counsel. (Pet. Ex. C.) The Appellate Division denied Petitioner's application on December 17, 2014 and the New York State Court of Appeals also denied his subsequent appeal. (Pet. Br, Exs. D at 24-25, F at 39-42.)

On May 2, 2014, the trial court denied Petitioner's motion in limine in his criminal case. (Connell Aff. ¶ 14.) However, Petitioner filed a motion to dismiss his indictment on May 5, 2014, claiming that his right to a speedy trial had been violated. (Connell Aff. ¶ 15.) On July 30, 2014, the trial court denied Petitioner's motion to dismiss. (Connell Aff. ¶ 15.)

3

On May 1, 2014, Petitioner filed the Federal Petition currently pending before this Court. (Docket Entry 1.) Petitioner alleges in the Federal Petition that he was "not being produced in court, [he was] still being represented by members of the same 18-B Panel being sued by [him], and [he was] still being denied [his] rights to due process, a speedy trial, conflict-free representation and other rights." (Pet. at 5.)

On October 8, 2014, Respondent moved to dismiss the Federal Petition and on September 8, 2015 the Court denied the motion. See Murdock v. Sposato, No. 14-CV-2931, 2015 WL 5230453, at *1 (E.D.N.Y. Sept. 8, 2015). The Court has since treated the Federal Petition as a claim under 28 U.S.C. § 2254. Murdock, 2015 WL 5230453, at *1.

In November 2014, Petitioner subsequently pled guilty to one count of Criminal Possession in the Fourth Degree (Penal Law § 165.45[5]) in satisfaction of the entire indictment. (Connell Aff. ¶ 16.) On April 20, 2015, Petitioner was sentenced to an indeterminate term of one and one-half to three years' imprisonment. (Connell Aff. ¶ 16.) On June 5, 2015, Petitioner was released on parole. (Connell Aff. ¶ 16.) No appeal of Petitioner's criminal conviction was filed. (Connell Aff. ¶ 16.)

On October 7, 2015, Respondent filed a motion to dismiss the Federal Petition, which is currently pending before this Court. (Docket Entry 17.) Respondent argues that all of Petitioner's

4

claims are unexhausted because Petition never "presented his claims to all the state courts authorized to hear them," and therefore the Court is without jurisdiction to hear the Federal Petition. (Resp.'s Br.,[3] 15-16.) Petitioner did not file any opposition to Respondent's motion.

DISCUSSION

The Court will first address the applicable legal standards before turning to the Federal Petition

I. Legal Standards

28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court. Herrara v. Collins, 506 U.S. 390, 401, 113 S. Ct. 853, 861, 122 L. Ed. 2d 203 (1993). Rather, a state prisoner seeking habeas relief under Section 2254 must show that he is "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). "[T]he petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have

---

[3] Respondent's Brief can be found at Docket Entry 17 at 10-18.

been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997); see also Hawkins v. Costello, 460 F.3d 238, 246 (2d Cir. 2006); Bonner v. Ercole, 409 F. App'x 437, 438 (2d Cir. 2010).

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides, in part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was not adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). As the Second Circuit noted in Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000), the Supreme Court has "construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'" "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing

6

legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts." Id. 529 U.S. at 413, 120 S. Ct. at 1523. This standard does not require that reasonable jurists all agree that the state court was wrong. Id. 529 U.S. at 409-10, 120 S. Ct. at 1521-22. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

The Section 2254(d) standard is "difficult to meet" for two reasons. White v. Woodall, 134 S. Ct. 1697, 1701, 188 L. Ed. 2d 698 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013))). First, the term "clearly established Federal law" applies only to "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Id. (quoting Howes v. Fields, 132 S. Ct. 1181, 1187, 182 L. Ed. 2d 17 (2012)). Second, because "an 'unreasonable application of' those holdings must be 'objectively unreasonable,' not merely wrong[,] even 'clear error' will not suffice." Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003)). Thus, "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

7

disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011)) (alteration in original).

Although Section 2254 imposes a highly deferential standard of review, it does not require blind deference to every state court decision. "If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Williams, 529 U.S. at 389.

A. Exhaustion

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief unless the petitioner has first exhausted his claims in state court. See 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); id. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by an available procedure, the question presented."); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 199 S. Ct. 1728. 1731, 144 L. Ed. 2d 1 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

The exhaustion requirement is grounded in principles of comity and federalism. O'Sullivan, 526 U.S. at 844 ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.") (citations omitted).

Exhaustion "requires that the prisoner 'fairly present' his constitutional claim to the state courts, which he accomplishes 'by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005)). "While 'a state prisoner is not required to cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson, 763 F.3d at 133 (quoting Carvajal v. Artus, 663 F.3d 95, 104 (2d Cir. 2011)). A petitioner may sufficiently alert the state court to the nature of

9

his constitutional claim by citing to a specific constitutional provision. Ramirez v. Att'y Gen. of N.Y., 280 F.3d 87, 94-95 (2d Cir. 2001). However, a petitioner may not merely "make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 153, 163, 116 S. Ct. 2074, 2076, 135 L. Ed. 2d 457 (1996) (citations omitted) (holding that a general appeal to a "broad federal due process right" was insufficient to meet the exhaustion requirement without a "more particular analysis" of the specific claim based on the relevant constitutional law (citation omitted)); see also Smith v. Duncan, 411 F.3d 340, 349 (2d Cir. 2005) ("'The greatest difficulty arises when in the state court the petitioner has described his claim in very broad terms, such as denial of a 'fair trial.'") (quoting Daye v. Att'y Gen. of State of N.Y., 696 F.2d 186, 193 (2d Cir. 1982)).

A petitioner may also fairly present his claim to a state court by: "'(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" Carvajal, 633 F.3d at 104 (quoting

Daye, 696 F.2d at 194). In this analysis, the critical question is whether the legal doctrines asserted in the state and federal courts are substantially the same, such that the court would have been on notice of the constitutional nature of the claim, even if it was argued primarily on state law grounds. Smith, 411 F.3d at 349-50; Daye, 696 F.2d at 192. A federal claim is not fairly presented for the purposes of habeas exhaustion when the state-law claim raised in state court is "no more than somewhat similar" to a claim for relief grounded in federal law. Smith, 411 F.3d at 350 (citing Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005).

II. Analysis

Liberally construing the Federal Petition and interpreting it to raise the strongest arguments that it suggests, Petitioner asserts the following grounds in his Petition: (1) he was denied his Sixth Amendment right effective assistance of counsel, (2) he was denied his Sixth Amendment right to a speedy trial, (3) he was denied his right to appear in court under the Sixth and Fourteenth Amendments, and (4) he was denied his right to due process under the Fourteenth Amendment (Pet. at 5.) Respondent argues that the Federal Petition should be dismissed because none of Petitioner's arguments were raised on direct appeal, and therefore they remain unexhausted. (Resp.'s Br. at 16.) The Court agrees.

In New York, "generally a writ of habeas corpus may not be used to review questions that could have been raised on direct appeal . . . ." People ex rel. Rosenfeld v. Sposato, 87 A.D.3d 665, 665, 928 N.Y.S.2d 350, 351, (2d Dep't 2011). However, "practicality and necessity" may dictate departure from this general rule. People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 262, 220 N.E.2d 653, 655, 273 N.Y.S.2d 897, 900 (1966). In this case, Petitioner raised all the grounds he currently relies upon in his State Petition submitted to the New York State Appellate Division. However, he did not raise any of these grounds on direct appeal, and in fact, did not file a direct appeal after pleading guilty to Criminal Possession in the Fourth Degree. Yet, Petitioner's ineffective assistance, speedy trial, right to be present, and due process claims are all grounds that could and should have been raised on direct appeal. See People ex rel. Hunter v. Buffardi, 15 A.D.3d 736, 737, 788 N.Y.S.2d 871, 872 (3d Dep't 2005) (holding that a petitioner's application for habeas relief on the ground that he was denied effective assistance of counsel and the right to a speedy trial were "more properly the subject of a direct appeal from the judgment of conviction"); People ex rel. Allen v. Maribel, 107 A.D.3d 831, 832, 966 N.Y.S.2d 685 (2d Dep't 2013) (finding that "[h]abeas corpus does not lie to determine whether the right to a speedy trial has been denied in a pending criminal action[,] and is an issue appropriately raised on direct appeal)

(alteration in original; quotation marks and citations omitted); People ex rel. McCoy v. Filion, 295 A.D.2d 956, 956, 744 N.Y.S.2d 604, 605 (4th Dep't 2002) (holding that Petitioner's claim that he was denied the right to be present at a grand jury proceeding was "not appropriate for habeas relief because it could have been raised on direct appeal or by a CPL article 440 motion") (citations omitted). Moreover, both the Second Department and the New York Court of Appeals have held that "[t]he commencement of a pretrial collateral proceeding does not relieve a [petitioner] from the requirement of making an appropriate protest in the form required by statute in the criminal proceeding." People v. Jordan, 96 A.D.2d 1060, 1060, 466 N.Y.S.2d 486 (2d Dep't 1983), aff'd, 62 N.Y.2d 825, 466 N.E.2d 145, 477 N.Y.S.2d 605 (N.Y. 1984). Petitioner's claims therefore were not exhausted as a result of his filing and subsequent appeals of the State Petition. Rather, as a precondition to seeking habeas relief in federal court, Petitioner was required to file a direct appeal in his underlying criminal case and appeal any adverse decision. Since Petitioner did not do so, all the claims in his Federal Petitioner remain unexhausted.

III. Dismissal Without Prejudice

Because Petitioner failed to exhaust his claims, this Court has no basis to retain jurisdiction over the Federal Petition, which must be dismissed. See Diguglielmo v. Sankowski,

13

42 F. App'x 492, 496 (2d Cir. 2002); Baity v. McCary, No. 02-CV-1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002). The Federal Petition is therefore dismissed without prejudice while Petitioner pursues exhaustion of his claims.[4]

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket Entry 17) is GRANTED and Petitioner's application for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __21__, 2016
       Central Islip, New York

---

[4] The Court expresses no opinion as to whether one or more of Petitioner's claims are procedurally barred at this juncture.